IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE ANDREWS, et al., | No. C 11-3930 CW |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND FOR ATTORNEYS' FEES (Docket No. 15) |
| v. | |
| LAWRENCE LIVERMORE NATIONAL SECURITY, LLC, et al., | |
| Defendants. | |

This dispute arises from Plaintiffs' terminations in the course of a May 2008 workforce reduction conducted by Defendant Lawrence Livermore National Security, LLC (LLNS), a contractor for the United States Department of Energy (DOE).[1]  LLNS is charged with managing and operating the federally-owned Lawrence Livermore National Laboratory, pursuant to a contract with the DOE National Nuclear Security Administration.  LLNS removed this action from Alameda County Superior Court on August 10, 2011, after it had been removed and remanded once before.  Plaintiffs move for an order again remanding the case and requiring LLNS to pay the attorneys' fees and costs that Plaintiffs have incurred as a result of the removal.  Plaintiffs' motion to remand is GRANTED.

---

[1] Plaintiffs originally named individual Defendants, George Miller and Robert Perko, in addition to LLNS.  However, on November 5, 2009, the Court dismissed with prejudice all claims against Miller and Perko, pursuant to the parties' stipulation. LLNS is the sole remaining Defendant.

Plaintiffs are also awarded fees, although the Court will determine the amount after the parties submit supplemental briefing.

BACKGROUND

Plaintiffs filed their complaint in Alameda County Superior Court on May 21, 2009, and on July 30, 2009, they filed their First Amended Complaint, asserting causes of action under state law for violations of the California Fair Employment and Housing Act, breach of an implied contract and other claims. Plaintiffs also alleged claims under federal law, including discrimination in violation of the Age Discrimination in Employment Act (ADEA) and a constitutional claim.

A DOE contractor may conduct a layoff when the DOE has made a "determination that a change in the workforce . . . is necessary" and develops a plan for workforce restructuring in consultation with affected stakeholders. See National Defense Authorization Act for Fiscal Year 1993, Pub. L. No. 102-484, Div. C, Title XXXI, § 3161, 106 Stat. 2315 (1992) (originally codified at 42 U.S.C. § 7274h, then transferred to 50 U.S.C. § 2704); 48 C.F.R. § 970.2672-1. Federal regulations provide that "in instances where the [DOE] has determined that a change in workforce at a [DOE] Nuclear Facility is necessary, DOE contractors . . . shall accomplish workforce restructuring or displacement . . . in a manner consistent with any DOE work force restructuring plan in

2

effect . . ." 48 C.F.R. § 970.2672-1. The parties refer to the DOE's workforce restructuring plan as the "3161 Plan."

Plaintiffs alleged that "LLNS is governed by the provisions of Section 3161(c) of the National Defense Authorization Act for Fiscal Year 1993, which requires it to take measures to minimize the impact of a reduction in force . . ." and that the "entire reduction in force is invalid, illegal and discriminatory, in violation of State and Federal law, Department of Energy and other governmental policies and regulations and Defendants' own policies and procedures." FAC ¶¶ 2 and 5.

On September 3, 2009, Defendants LLNS, Miller and Perko filed the first notice of removal, on the basis of federal question jurisdiction. On November 5, 2009, pursuant to the parties' stipulation, the Court remanded the action to state court. The stipulation provided that Plaintiffs would dismiss with prejudice their claims under the ADEA and their constitutional claim, as well as their claims against Miller and Perko. Declaration of J. Gary Gwilliam, Ex. U at 3. The stipulation also stated that "each of the Plaintiffs, through their counsel, further agree that they will not assert any other claims that would fall within the jurisdiction of this Court, including but not limited to any claims based on any statute, constitutional provision, contract or on any other basis, against any Defendant named in this litigation . . ." Id. In turn, LLNS agreed "not to remove this

3

case unless Plaintiff [sic] asserts claims that fall within the jurisdiction of the federal courts." Id.

On December 9, 2009, the parties filed a Joint Complex Case Management Statement in state court in which Plaintiffs asserted that "the entire layoff is illegal and must be set aside, regardless of the individual claims of discrimination that each Plaintiff can prove. . . [and] that [LLNS] failed to minimize the impact of the layoffs on its workforce, as required by Section 3161(c) of the National Defense Authorization Act of FY 1993." Id., Ex. V at 8.

On June 2, 2010, in connection with a motion to compel LLNS to produce additional documents, Plaintiffs argued that LLNS was required to analyze any proposed layoffs for possible disparate impact on protected classifications of employees. Id., Ex. W at 10. According to Plaintiffs, the adverse impact analysis was required pursuant to the DOE's obligations under Executive Orders 11246 and 12086. Id.

In February 2011, LLNS served special interrogatories on Plaintiffs. Before Plaintiffs responded, the parties scheduled four days of mediation in June 2011. All discovery was stayed until after the mediation. The parties' efforts to resolve the lawsuit were unsuccessful, and discovery resumed.

On August 3 and 5, 2011, Plaintiffs responded to LLNS' special interrogatories. In doing so, Plaintiffs confirmed their contention that the reduction in force violated the 3161 Plan and

4

DOE policies and regulations. Id., Ex. Y at 8-9. Plaintiffs identified the following provisions as the basis for their contention: (1) the 3161 Plan governing the layoff, (2) the DOE's "Planning Guidance for Workforce Restructuring," DOE Order O 350.1, (3) the regulations governing DOE Management and Operating Contracts, 48 C.F.R. Part 970 et seq., and (4) Executive Order 11246, as amended by Executive Order 12086 and 48 C.F.R. Part I et seq. Id.

Also on August 3, 2011, LLNS filed in state court a Motion for Summary Adjudication Regarding Whether the Layoff was Necessitated by a Lack of Funds. Id., Ex. AA. In connection with the motion, LLNS argued that the DOE's finding that the layoff was necessary had been made in accordance with section 3161, and that Plaintiffs were precluded from challenging the DOE's determination that a layoff was necessary. Id. at 10-12. LLNS asserted that "whether a layoff is necessitated by a lack of funds is, as a matter of law, left to the DOE's sole discretion. LLNS' function, in contrast, is to participate in the 3161 process as required by DOE and to conduct a layoff consistent with the 3161 Plans."[2] Id. at 11. A hearing on the motion for summary adjudication was set for August 31, 2011.

On August 10, 2011, LLNS removed the action to federal court for a second time.

---

[2] According to LLNS, a General 3161 Plan and a Specific 3161 Plan were created.

5

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). Title 28 U.S.C. § 1447 provides that if at any time before judgment it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. 28 U.S.C. § 1447(c). On a motion to remand, the scope of the removal statute must be strictly construed. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (internal citation omitted). Courts should resolve doubts as to removability in favor of remanding the case to state court. See id. Ordinarily, federal question jurisdiction is determined by examining the face of the plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Removal of an action to federal court must be timely. Pursuant to 28 U.S.C. § 1446(b), notice of removal of a civil action "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be

6

filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id.

DISCUSSION

I. Motion for Remand

At the outset, the parties dispute whether this Court has subject matter jurisdiction over this case, as required to justify removal pursuant to 28 U.S.C. § 1441(a). Plaintiffs have dismissed their federal law causes of action. However, LLNS argues that Plaintiffs allege state law claims that give rise to federal jurisdiction.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 over state law claims "that implicate significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Enginering & Mfg., 545 U.S. 308, 312 (2005). With respect to such a state law claim, the Supreme Court has explained that

> federal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum. But even when the state action discloses a contested and substantial federal question . . . the federal issue will ultimately qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331.

Id. at 313-14 (internal citations omitted). The absence of a federal private right of action is "evidence relevant to, but not

7

dispositive of, the 'sensitive judgments about congressional intent' that § 1331 requires." Id. at 318.

LLNS contends that significant federal issues are implicated by Plaintiffs' intent to prove their state law claims for breach of contract and discrimination by showing that LLNS violated the federally-required 3161 Plan and certain federal regulations. These claims, however, do not involve a substantial federal question or require a resolution of a contested issue of federal law. According to Plaintiffs' theory, the 3161 Plan, once adopted, and DOE regulations served as implied-in-fact terms of the contract between LLNS, as employer, and Plaintiffs, as its employees. Under California law, "the employer's personnel policies and practices may become implied-in-fact terms of the contract between employer and employee. If that has occurred, the employer's failure to follow such policies when terminating an employee is a breach of the contract itself." Guz v. Bechtel Nat. Inc., 24 Cal. 4th 317, 352 (2000). The parties agree that LLNS was required to follow the 3161 Plan and DOE regulations. LLNS has failed to identify a substantial dispute between the parties as to the meaning of the plan or of federal regulations. Instead, the parties dispute whether LLNS failed to comply with the plan and, if so, whether its failure amounts to a breach of contract or provides evidence of discrimination. Therefore, to resolve the breach of contract claim, the state court would need only to determine the requirements of the plan and DOE regulations and

8

whether LLNS complied with them, applying contract principles under California law. The court would also need to consider whether any non-compliance by LLNS evidences discrimination.

The present action is distinguishable from Grable, 545 U.S. at 312. There, the Internal Revenue Service seized Grable's private property to satisfy a tax delinquency and sold the property to the defendant. Id. at 310-311. Grable brought a quiet title action against the defendant in state court, claiming that the defendant's title was invalid because the IRS failed to provide Grable adequate notice of the seizure under a provision of the Internal Revenue Code. Id. at 311. The defendant removed the action to federal court, claiming that the suit turned on the interpretation of a federal statute. The Supreme Court found federal jurisdiction because the construction of a federal tax statute concerning adequate notice was required and the parties actually disagreed about the statute's meaning. Id. at 314-15. The Court also noted that the federal government had a "direct interest in the availability of a federal forum to vindicate its own administrative action." Id. at 315.

Here, the federal government's interest in the mitigation of adverse impacts associated with workforce reduction efforts by DOE contractors is narrower than its interest in Grable, where the interpretation of the notice provision implicated the government's efforts to collect outstanding taxes. Furthermore, as noted

9

earlier, LLNS has not identified a substantial dispute as to the meaning of the 3161 Plan or a particular federal regulation.

The parties also agree that section 3161 does not confer a private right of action. The absence of a private right of action under section 3161 indicates that Congress did not intend that non-compliance with this provision would give rise to federal jurisdiction. Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 814 (1986) ("Given the significance of the assumed congressional determination to preclude federal private remedies, the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system.").

Indeed, this case is similar to Merrell Dow, 478 U.S. at 804, in which the Supreme Court found an absence of federal jurisdiction. There the plaintiffs pursued a cause of action for negligence under state law. An element of the claim was a violation of the Federal Food, Drug, and Cosmetic Act. Id. at 805-06. The Court reasoned that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." The federal issue in the tort claim was not substantial enough to render it a claim arising under federal law. Id. at 813-14.

Likewise, the Court in Empire Healthchoice Assurance, Inc. v. McVeigh reasoned that a contract-derived claim did not warrant federal jurisdiction, even though a federal statute contemplated

10

the contract at issue and the "United States no doubt 'has an overwhelming interest in attracting able workers to the federal workforce.'" 547 U.S. 677, 696, 699-701 (2006). The Court explained that a contract authorized by federal statute "is not a prescription of federal law." Id. at 696.

Just as in Merrell Dow and Empire Healthchoice, the state law claims in the present case do not support federal jurisdiction because they do not implicate substantial federal concerns. Accordingly, LLNS has failed to establish federal question jurisdiction in this action.

Even if Plaintiffs' claims gave rise to federal jurisdiction, LLNS has waived its right to remove the case by taking action to adjudicate the matter in state court. "A party, generally the defendant, may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir. 1994). LLNS agreed to remand the case to state court in September, 2009, even though Plaintiffs' first amended complaint made clear the federal elements of their state law claims. These elements remained part of the action even after Plaintiffs agreed to dismiss their federal age discrimination and constitutional claims. LLNS then permitted the case to remain in state court for nearly two years.

11

On August 3, 2011, LLNS sought summary adjudication in state court that the DOE had found that the layoff was necessary in accordance with section 3161 and that Plaintiffs were precluded from challenging the DOE's determination. In doing so, LLNS sought to litigate the merits of the claims, including the federal aspects of the claims. It still did not assert that the 3161 Plan was a basis for removing the action.

LLNS responds that the removability of the claim did not become apparent until after it filed its motion for summary adjudication. This argument fails because the federal aspects of Plaintiffs' claim have been apparent throughout the litigation. The November 2009 stipulation could not have been reasonably understood as an agreement by Plaintiffs to forgo their state law breach of contract claim based on the theory that LLNS failed to comply with the 3161 Plan or other federal requirements. The Joint Complex Case Management statement filed the following month and Plaintiffs' discovery motion filed in June 2010 made plain that Plaintiffs continued to pursue legal theories related to federal requirements. LLNS waived any right to remove the action by actively litigating the case in state court after the first removal and remand, although the federal aspects of the case were apparent. Plaintiffs' August 3 and 5, 2011 discovery responses did not reveal any new information rendering the case removable.

Furthermore, LLNS' notice of removal is untimely because it occurred well after thirty days from the date that removability

12

would have been ascertainable from the papers filed in this action. 28 U.S.C. § 1446(b).

In sum, LLNS' second removal of this action was improper due to the absence of federal jurisdiction, LLNS' waiver of removability and the untimeliness of the notice of removal. Plaintiffs' motion to remand the action to Alameda County Superior Court is granted.

II. Motion for Attorneys' Fees and Costs

On granting a motion to remand, the court may order the defendant to pay the plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005).

Here, Defendant's notice of removal lacked any objective basis. It is not a close call. Therefore, an award of attorneys' fees and costs incurred in connection with this improper removal is warranted.

However, the party seeking an award of attorneys' fees bears the burden of producing "satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Camacho v. Bridgeport Financial, Inc., 523 F.3d 973,

13

980 (9th Cir. 2008). Although J. Gary Gwilliams attests that his rate has been approved by two judges in the complex litigation departments of Alameda and Contra Costa counties, there is no further evidence to support his or his colleagues' rates. Furthermore, the number of hours must be reasonable. The number of hours of service indicated in the fee request appears excessive. Plaintiffs shall submit contemporaneous billing records and an explanation of the number of hours of service required to complete a fifteen page motion and fourteen page reply brief.

    Accordingly, by September 6, 2011, Plaintiffs shall submit a supplemental brief, not to exceed three pages, and supporting documentation to address their fee and cost request. LLNS may oppose the request in a brief, not to exceed three pages, which shall be submitted by September 13, 2011. The matter will be decided on the papers.

//
//
//
//
//
//
//
//

14

CONCLUSION

Plaintiffs' motion to remand the case to Alameda County Superior Court is GRANTED. The clerk shall remand the file.

Plaintiffs' motion for attorneys' fees and costs is also GRANTED, although the Court will determine the amount of the award after the parties have filed their supplemental briefing.

IT IS SO ORDERED.



Dated: 8/31/2011
CLAUDIA WILKEN
United States District Judge

15