IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ELAINE ANDREWS, et al.,

    Plaintiffs,

    v.

LAWRENCE LIVERMORE NATIONAL SECURITY, LLC, et al.,

    Defendants.
_____/

No. C 11-3930 CW

ORDER AWARDING PLAINTIFFS' ATTORNEYS' FEES (Docket No. 15)

Previously the Court granted Plaintiffs' motion to remand and their request for costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c). Docket No. 33. However, the Court deferred ruling on the amount of costs and fees awarded, pending the submission of further briefing and documentation. Having considered all of the parties' submissions, the Court awards Plaintiffs $39,624 in fees.

## DISCUSSION

Title 28 U.S.C. § 1447(c) provides that, on granting a motion to remand, the court may order the defendant to pay the plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In this circuit, courts calculate an award of attorneys' fees using the lodestar method, whereby the court multiplies "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008). The party seeking an award of attorneys' fees bears

the burden of producing "satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Id. at 980. Attorneys' fees must be awarded "in line with the prevailing market rate of the relevant community." Carson v. Billings Police Dep't., 470 F.3d 889, 891 (9th Cir. 2006). Generally, "the relevant community is the forum in which the district court sits." Camacho, 523 F.3d at 979.

Reasonable hours expended on a case are hours that are not "'excessive, redundant, or otherwise unnecessary.'" McCown v. City of Fontana, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). Although the lodestar amount is presumptively reasonable, courts may adjust the lodestar amount considering the time and labor required, the novelty and difficulty of the questions involved, the skill requisite to perform the legal service properly, whether the fee is fixed or contingent, the amount involved, the results obtained, counsel's experience, reputation, and ability, and awards in similar cases. See Ballen v. City of Redmond, 466 F.3d 736, 746 (9th Cir. 2006) (internal citations and quotations omitted).

In their initial request for fees and costs, Plaintiffs sought $52,207.50. The Court found lacking Plaintiffs' documentation in support of the hourly rate for two of their attorneys. It also appeared that the number of hours of service

2

indicated in the request was excessive in light of Plaintiffs' fifteen page motion to remand and fourteen page reply brief. The Court ordered Plaintiffs to submit supplemental briefing, contemporaneous billing records and an explanation of the number of hours of service required to complete their motion to remand.

In their supplemental briefing, Plaintiffs request $76,419.00 in attorneys' fees and costs. To support their amended request, Plaintiffs submitted declarations by the three attorneys assigned to the motion--J. Gary Gwilliam, a senior, founding partner at Gwilliam, Ivary, Chiosso, Cavalli & Brewer, P.C., the firm representing Plaintiffs, Robert E. Strauss, also a partner in the firm, and Robert J. Schwartz, a contract attorney, whose services were utilized by the firm.

A. Reasonable Rates

The hourly rates requested by Plaintiffs for their attorneys are reasonable.

Gwilliam, who has practiced civil litigation for over thirty years, requests an hourly rate of $750. This rate for Gwilliam has been approved in prior litigation and is consistent with the prevailing market rate in this district for similarly experienced and skilled attorneys. See, e.g., Canal v. Dann, 2011 WL 3903166, *2-4 (N.D. Cal.) (approving a $700 hourly rate for a similarly experienced attorney, and noting evidence of a $785 hourly rate charged by a senior partner at a plaintiffs' firm who has earned numerous accolades and has practiced law since 1983).

3

Strauss, who has over seventeen years of experience representing plaintiffs and handling employment related matters, seeks an hourly rate of $585.  He has obtained favorable resolutions on behalf of numerous plaintiffs.  In 2009, in a different case, Strauss was awarded fees at a rate of $525, which was not contested by the defendants, who were then represented by the same firm presently representing Defendants in this action.  Strauss' rate appears reasonable based on the rate billed by an associate, with seven years less experience than Strauss, who works at the firm representing Defendants, and based on the rate approved for similarly experienced and skilled attorneys in other litigation pursued in this district.  See id.

Schwartz requests an hourly rate of $300.  Schwartz was admitted to the California Bar in 2007.  He has worked as a contract attorney with the firm of record in this action since September 2009.  During that time, he has worked almost exclusively on the present case at all phases of the litigation.  Schwartz has extensive knowledge of the voluminous documents in this case, has meet with Plaintiffs on numerous occasions and has participated in several depositions.  Schwartz has also participated in a state court trial.

Defendants argue that a reasonable rate for Schwartz is $75 to $150 per hour.  The contract rates submitted in connection with Katina B. Miner's declaration, however, provide no indication that such rates would be charged by an attorney with experience and

4

skills similar to Schwartz's. The gist of Defendants' objection is that Schwartz is a contract attorney. However, Defendants provide no authority for the proposition that, for purposes of determining reasonable hourly rates, an attorney's status as a contract attorney, as opposed to his or her employment as an associate, is a proper substitute for evaluating an attorney's actual experience or skills.

Plaintiffs have submitted evidence that a managing associate at the firm retained by Defendants, with employment law experience, who graduated in 2006, billed at an hourly rate of $480 in 2010 and 2011. Likewise, an associate with the same firm, who also specialized in employment litigation, graduated in 2009 and clerked prior to beginning practice with the firm, billed an hourly rate of $380 in 2011. By comparison, Schwartz's rate of $300 appears reasonable.

B. Reasonable Hours

The amount of hours sought by Gwilliam and Strauss are excessive. Gwilliam's declaration indicates that he worked thirty-three hours on the motion to remand between August 10, 2011 and August 26, 2011. He worked an additional eight hours to prepare Plaintiffs' supplemental three page brief, to review three drafts of his eight page declaration, as well as Strauss' and

Schwartz's declarations.[1]  Strauss requests fees for fifty-two hours of work incurred as a result of the motion to remand. Finally, Schwartz requests fees for 58.33 hours of service.

The hours of work reported indicate substantial duplication of efforts by the three attorneys and a disregard for the reasonable delegation of work to attorneys based on their experience.  For example, on August 12, 2011 all three attorneys billed substantial hours to research legal authorities relevant to Defendants' notice of removal.  Schwartz billed eight hours, Strauss billed 4.5 hours and Gwilliam billed 2.5 hours.  However, the legal authorities at issue in Plaintiffs' opening brief were limited.  Given Gwilliam's and Strauss' substantial litigation experience and the research time they billed on August 11, 2011, the motion should not have required significant time on their part on August 12, 2011.

The records for August 25 and 26, 2011 are also illustrative. On these days, Plaintiffs' counsel indicate that they worked on their reply in support of their motion for remand.  During that time, Gwilliam billed 13.5 hours, Strauss billed 16 hours and Schwartz billed 20.58 hours in connection with preparing the reply.

---

[1] There is an error in Gwilliam's declaration.  He attests that he provided a total of thirty-eight hours of service, although his records for time spent on the supplemental briefing indicate an additional three hours of service.

6

The motion to remand required substantial work, given the posture of the case, the parties' arguments about the grounds for removal and the need for an examination of the parties' communications and disclosures.  The motion required consideration of whether Plaintiffs were asserting new claims in state court that fell within federal jurisdiction, such that grounds existed under the parties' stipulation to remove the case for a second time.  Significant supporting documents were required to provide evidence of the parties' filings, communications and disclosures.  In light of the posture of the case--a pending motion for summary adjudication and an imminent trial date--counsel for Plaintiffs would have been relatively familiar with key legal and factual issues in the case, but locating and gathering the necessary information to respond vigorously would have required substantial time.

Nevertheless, Plaintiffs do not explain specifically why 50.08 hours of attorney time was reasonable to prepare their fourteen page reply.  Although there is no indication that the motion entailed the inclusion of boilerplate language, the legal issues presented were straight-forward.  The extremely large request for fees suggests an attempt by Plaintiffs to punish Defendants for their objectively unreasonable decision to remove the case, when Defendants had already agreed to remand the action once before and actively litigated the case in state court.  Indeed, at the time Defendants removed the case to this Court, as

7

noted earlier, a motion for summary adjudication was pending in state court and the parties were preparing for a fast-approaching trial date.

Although Schwartz's request for 58.33 hours appears within a range of reasonableness, Plaintiffs' supporting declarations are inadequate to justify the additional hours requested for the partners, Gwilliam and Strauss. To better reflect the time necessary to reasonably supervise Schwartz's efforts and prepare the briefing, Gwilliam's time is reduced to ten hours and Strauss' time is reduced to twenty-five hours.

C. Costs

Neither Plaintiffs' original briefing on their request for attorneys' fees, nor their supplemental briefing, point to evidence of the costs incurred as a result of their motion to remand.

//
//
//
//
//
//
//
//
//
//

8

CONCLUSION

Plaintiffs' request for attorneys' fees in connection with its motion to remand is granted in the amount of $39,624. This award amounts to 58.33 hours for Schwartz's service at the rate of $300 per hour, ten hours for Gwilliam's service at the rate of $750 per hour and twenty-five hours for Strauss' service at the rate of $585 per hour.

IT IS SO ORDERED.

Dated: 1/18/2012

CLAUDIA WILKEN
United States District Judge

9